UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    Index No.
JOHANNA LEE,

Plaintiff,                                                    **COMPLAINT**

     -against-

MTHREE CORPORATE CONSULTING LIMITED, and
BEN TOWN, individually,                                        Plaintiff Demands A
                                           Trial by Jury
                     Defendants.
------------------------------------------------------------------------X

Plaintiff, by and through her attorneys, ARCÉ LAW GROUP, P.C., hereby complains of the

Defendants, upon information and belief as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to the New York State Executive Law and the Administrative

   Code of the City of New York, seeking damages to redress the injuries she has suffered as a

   result of being harassed and discriminated against by Defendants on the basis of her

   sex/gender, together with sexual harassment, creating a hostile work environment, retaliation,

   and unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that there is

   complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest

   and costs, the sum of $75,000.

3. Venue is proper in this district based upon the fact that a substantial part of the events or

   omissions giving rise to the claim occurred within the Southern District of the State of New

   York.  28 U.S.C. §1391(b).

**PARTIES**

4. Plaintiff is a female resident of the State of New York, County of New York.

5. At all times material, Defendant MTHREE CORPORATE CONSULTING LIMITED (hereinafter "MTHREE") was and is a foreign business corporation duly incorporated under the laws of the State of Delaware.

6. At all times material, Defendant MTHREE was and is authorized to conduct business in the State of New York, and does conduct business in the State of New York.

7. At all times material, Defendant MTHREE provides management consulting services, with a principal place of business located at 10th Floor, 3 Harbour Exchange, London, E14 9GE, United Kingdom.

8. At all times material, Defendant BEN TOWN (hereinafter "TOWN") was and is Defendant MTHREE's "Founding Partner."

9. At all times material, Defendant TOWN was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

10. Defendant MTHREE and Defendant TOWN are hereinafter collectively referred to as "Defendants."

11. At all times material, Plaintiff was an employee of Defendant MTHREE.

## MATERIAL FACTS

12. On or about October 28, 2019, Plaintiff began working for Defendant MTHREE as a Senior Global Business Development Manager, with an annual pay rate of $100,000.

13. Throughout Plaintiff's employment, she had no performance related issues.

14. In fact, in or around July 2022, Plaintiff was promoted to Head of Business Development for North America, with an annual pay rate of $137,000, and quarterly commissions.  Plaintiff's compensation totaled approximately $200,000 annually.

2

15. In this capacity, Plaintiff was responsible for closing deals, signing new clients, and managing a team of business development and inside sales representatives.

16. On or about July 12, 2023, Defendant MTHREE's senior leadership was in New York for a meeting at the Hoboken Office with a consultant to discuss an analysis of the organization. During senior leadership's trip to New York, Defendant TOWN began sexually harassing Plaintiff.

17. For example, while the leadership team was out to dinner at Tao, Defendant TOWN told Plaintiff that **he and every other man at the company had thought about having sex with Plaintiff**. Plaintiff was shocked by Defendant TOWN's sexually harassing comment, but tried to shrug it off and changed the subject.

18. Then, at the same dinner event, the leadership team was seated at a round table for dinner. Defendant TOWN was sitting on Plaintiff's right side, and every time Defendant TOWN spoke to Plaintiff, he placed his hand on her lower back, put his mouth to her ear, and spoke softly in her ear. Despite Plaintiff being very uncomfortable, she did not complain about Defendant TOWN touching her because she was afraid that rejecting his advances would lead to her losing her job.[1]

19. Then, as the group was leaving Tao, Plaintiff's coworkers saw that she was visibly upset. Plaintiff did not look happy and was very quiet while walking out of the restaurant. Defendant TOWN repeatedly asked Plaintiff is she was going with the group to have a "night cap." Plaintiff's told Defendant TOWN that she was not going to be joining them. During this time, Plaintiff's coworkers asked her, "Are you okay?" In fear of retaliation and being judged,

---

[1] If the harasser is a "proxy/alter ego" of the employer, liability is automatic, as the "employer [is held] liable in its own right for the wrongful harassing conduct." *Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 52 (2d Cir. 2012) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 789-92 (1998)).

Plaintiff responded, "I'm fine." Senior Business Development Manager, Benjamin Lawrence, and Head of University Partnerships, Luis Amaro, waited with her until she got into an Uber.

20. In or around and between July 2023 and March 6, 2024, Defendant TOWN touched Plaintiff every time they saw each other in person. Thankfully, Plaintiff only saw Defendant TOWN when she traveled to London, or Defendant TOWN traveled to New York.

21. For example, on or about March 6, 2024, Defendant TOWN was in New York. Plaintiff, Sales Director, Dan Woodward, and Director of Local DEI Recruitment and Strategy, Scott Coleman met Defendant TOWN at a restaurant called Hawksmoor. Defendant TOWN had been drinking while he was at lunch at Gramercy Tavern prior to meeting Plaintiff and her coworkers. Plaintiff, Defendant TOWN, Mr. Woodward, and Mr. Coleman were sitting at a high-top table, with Defendant TOWN sitting next to her on her right side. While Defendant TOWN was sitting next to her, he continuously put his hand on her lower back and on her right leg. Plaintiff had to remove Defendant TOWN's hand from her lower back and right leg several times.

22. Then, during that same outing, when Mr. Woodward excused himself from the table, Defendant TOWN seemingly leaned over toward Plaintiff to say something in her ear. However, Defendant TOWN, instead, leaned in front of Plaintiff and kissed her on the mouth. Plaintiff immediately pulled away and was visibly shocked. Defendant TOWN then left the table and went to the restroom. While Defendant TOWN was in the restroom, Mr. Coleman told Plaintiff that Defendant TOWN's behavior was not okay.

23. Then, on or about May 8, 2024, Plaintiff saw that Director of Global Human Resources Business Partner, Bridget Costello, invited Plaintiff to a meeting via her calendar. During this meeting, Ms. Costello and Mr. Woodward were present. Ms. Costello told Plaintiff that,

despite not having any prior write ups, Plaintiff was placed on a performance improvement plan (PIP) and given a "final warning." Plaintiff was taken aback when she was placed on a PIP because her performance had never been an issue prior to this meeting. Additionally, the expectations included in the PIP were unrealistic, and meant to set Plaintiff up for failure.

24. Then, on or about June 12, 2024, Arcé Law Group, P.C. emailed Ms. Costello and told her that Plaintiff was alleging sexual harassment against Defendant TOWN. Ms. Costello paused the PIP during the investigation of Plaintiff's allegations.

25. On or about July 11, 2024, Defendant MTHREE concluded their investigation and Plaintiff's allegations were deemed "not upheld."

26. Then, on or about August 1, 2024, only three weeks after their determination regarding Plaintiff's sexual assault allegations, Plaintiff was terminated for failing to meet the impossible expectations set forth in the PIP.

27. Defendant TOWN would not have harassed Plaintiff but for her sex/gender.

28. Defendants would not have retaliated against Plaintiff but for her complaints of sexual harassment.

29. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

30. As a result of the acts and conduct complained of herein, Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

31. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

32. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

33. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

34. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's . . . sex. . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

35. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex/gender, together with sexual harassment and a hostile work environment, retaliation, and unlawful termination.

36. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS A SECOND CAUSE OF ACTION
### UNDER STATE LAW
### RETALIATION

37. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

38. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section
> applies to retaliate or discriminate against any person before he
> has opposed any practices forbidden under this article."

39. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and

otherwise discriminating against Plaintiff because of her opposition to Defendants' unlawful

practices.

**AS A THIRD CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**DISCRIMINATION**

40. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs

of this Complaint as if more fully set forth herein at length.

41. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful

discriminatory practice: (a) For an employer or an employee or agent thereof, because of the

actual or perceived ... gender ... of any person to refuse to hire or employ or to bar or to

discharge from employment such person or to discriminate against such person in

compensation or in terms, conditions or privileges of employment."

42. Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working

conditions, and otherwise discriminating against Plaintiff on the basis of her sex/gender, together

with sexual harassment, hostile work environment, retaliation, and unlawful termination.

**AS A FOURTH CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**RETALIATION**

43. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

44. The New York City Administrative Code Title 8-107(7) provides that:

"It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

45. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because she opposed Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in an unlawful employment practice prohibited by the New York Executive Law and the Administrative Code of the City of New York, on the basis of Plaintiff's sex/gender, together with sexual harassment, creating a hostile work environment, retaliation, and unlawful termination;

B.  Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  December 20, 2024
      New York, New York

**ARCÉ LAW GROUP, P.C.**
*Attorneys for Plaintiff*

By:        *Kelsey Tubman*

Kelsey M. Tubman, Esq.
45 Broadway, Suite 2810
New York, NY 10006
(212) 248-7431

9