UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHANNA LEE,

                Plaintiff,

-against-

BEN TOWN and MTHREE CORPORATE CONSULTING LIMITED,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/2025

1:24-cv-9854-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff initiated this action by filing a complaint on December 20, 2024 [ECF No. 2 (the "Complaint" or "Cmpl.")]. The Complaint bears a deficiency notice, and the Clerk of Court issued a notice to Plaintiff's counsel to refile the pleading, which she has not done. Although Plaintiff has not filed proof of service, Defendants have appeared and requested that their time to respond to the Complaint be "extended" to January 31, 2025 [ECF No. 8].

    This Court is obligated "to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000). The Complaint, which asserts no federal claims, invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Cmpl. ¶ 2. Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Plaintiff must properly allege in her pleading that complete diversity exists. *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). However, she fails to allege the citizenship of Defendant Towns. *See* Cmpl. ¶¶ 4–11. As such, she fails to establish subject matter jurisdiction.

    Accordingly, based on Plaintiff's failure to properly allege subject matter jurisdiction and failure to cure the deficiency identified by the Clerk of Court, IT IS HEREBY ORDERED that this

case is dismissed without prejudice and with leave to amend. Plaintiff shall file any amended complaint by January 21, 2025.

Plaintiff and counsel are on notice that failure to comply with court orders and applicable rules may result in sanctions, including monetary sanctions, preclusion of claims and evidence, and dismissal for failure to prosecute.

Defendants' request for an extension of time to respond to the Complaint [ECF No. 8] is DENIED as moot, since this case cannot proceed unless and until Plaintiff properly files a pleading that properly invokes the Court's jurisdiction.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 8.

**SO ORDERED.**

**Date: January 6, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**