UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHANNA LEE,

                        Plaintiff,

    - against -

MTHREE CORPORATE CONSULTING LIMITED, and
BEN TOWN, Individually,

                        Defendants.
------------------------------------------------------------------X

Case No. 1:24-cv-09854-MKV

**ANSWER**

       Defendants MThree Corporate Consulting Limited and Ben Town (collectively, "Defendants"), by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for their Answer to the Complaint, state as follows:

## **NATURE OF THE CASE**[1]

       1.    Deny the allegations contained in paragraph 1, except admit that Plaintiff purports to proceed as set forth therein.

## **JURISDICTION AND VENUE**

       2.    Deny the allegations contained in paragraph 2 and refer all questions of law to the Court, except admit that paragraph 2 purports to invoke this Court's jurisdiction.

       3.    Deny the allegations contained in paragraph 3 and refer all questions of law to the Court, except admit that paragraph 3 purports to invoke this Court's venue.

## **PARTIES**

       4.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

---

[1] For ease of reference, Defendants' Answer duplicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles can be construed to contain factual allegations, those allegations are denied.

1

5. Admit the allegations contained in paragraph 5.

6. Admit the allegations contained in paragraph 6.

7. Admit the allegations contained in paragraph 7.

8. Deny the allegations contained in paragraph 8, except admit that Defendant Town was a Founding Partner of MThree until it was sold.

9. Deny the allegations contained in paragraph 9, except admit that, at the time of Plaintiff's termination, Defendant Town worked within the sales umbrella at MThree.

10. Deny the allegations contained in paragraph 10, except admit that Plaintiff purports to proceed as set forth therein.

11. Admit the allegations contained in paragraph 11.

## MATERIAL FACTS

12. Deny the allegations contained in paragraph 12, except admit that Plaintiff was hired on or around October 14, 2019 as a Senior Business Development Manager with an annual salary of $100,000.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15, except admit that Plaintiff's responsibilities included closing deals, signing new clients, and managing a team of business development and inside sales representatives.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23, except admit that Plaintiff was placed on a performance improvement plan ("PIP") due to her poor work performance.

24. Deny the allegations contained in paragraph 24, except admit that Plaintiff's counsel, Arcé Law Group, contacted Bridget Costello on June 12, 2024 advising MThree of their retention by Plaintiff to assist Plaintiff with her sexual harassment complaint and admit that Plaintiff's PIP was paused during MThree's internal investigation of Plaintiff's complaint.

25. Deny the allegations contained in paragraph 25, except admit that MThree investigated Plaintiff's allegations and concluded that Plaintiff's allegations were unfounded.

26. Deny the allegations contained in paragraph 26, except admit that Plaintiff was terminated for failing to improve her performance under the PIP.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

## AS A FIRST CAUSE OF ACTION
## UNDER STATE LAW
## <u>DISCRIMINATION</u>

33. Repeat and incorporate by reference each and every statement contained in the proceeding paragraphs, as if fully set forth herein.

34. Paragraph 34 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36, except admit that Plaintiff purports to proceed as set forth therein.

## AS A SECOND CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

37. Repeat and incorporate by reference each and every statement contained in the proceeding paragraphs, as if fully set forth herein.

38. Paragraph 38 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

## AS A THIRD CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

40. Repeat and incorporate by reference each and every statement contained in the proceeding paragraphs, as if fully set forth herein.

41. Paragraph 41 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

43. Repeat and incorporate by reference each and every statement contained in the proceeding paragraphs, as if fully set forth herein.

44. Paragraph 44 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

## WHEREFORE PARAGRAPHS

Defendants deny the allegations contained in the "WHEREFORE" paragraphs and all sub-paragraphs thereof. In addition, except as expressly admitted above, Defendants deny any and all remaining allegations in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the applicable statute of limitations and/or governing administrative time limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the doctrines of unclean hands, laches, accord, satisfaction, discharge, release, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

The requests for damages stated in the Complaint are barred or limited, in whole or in part, by Defendants' good faith efforts to comply with all applicable laws, rules and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

No actions or omissions of Defendants were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, the Complaint and all claims stated therein should be dismissed because there is no causal connection between the asserted claims and any damages Plaintiff has allegedly suffered.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were caused, in whole or in part, by her own acts or omissions, and as a result his claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, due to the exercise of reasonable care to prevent and promptly correct any instances of alleged discrimination, harassment, and/or retaliation.

**ELEVENTH AFFIRMATIVE DEFENSE**

Awarding punitive damages against Defendants would violate the United States and New York Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants had policies and procedures in effect for the prevention and correction of illegal workplace discrimination, harassment, and retaliation, and Defendants exercised reasonable care to prevent and correct promptly any such harassing behavior, while Plaintiff unreasonably failed to report alleged harassment, discrimination, retaliation and/or unreasonably failed to take advantage of Defendants' procedures for preventing and/or correcting discrimination, harassment, and retaliation.

## THIRTEENTH AFFIRMATIVE DEFENSE

.      Plaintiff's claims are barred to the extent they failed to exhaust administrative remedies with respect to some or all of their claims and allegations and to obtain administrative authorization to file such claims in this Court.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were caused in whole or in part, or were exacerbated by, Plaintiff's own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions, or that of third parties, and, accordingly, Plaintiff's claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendants' actions were not discriminatory harassing, retaliatory, or otherwise actionable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior, and Plaintiff's unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that her employment ended under circumstances giving rise to an inference of discrimination, retaliation, harassment, or unlawful conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges any impermissible motivation in Defendants' treatment of them, Defendants would have taken the same action in the absence of such impermissible motivating factor.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendants did not engage in any discriminatory, harassing, retaliatory, or otherwise wrongful conduct with malice, recklessness, willful or wanton negligence, indifference to Plaintiff's rights or conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants did not encourage, condone, approve or participate in any allegedly discriminatory, harassing or retaliatory conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations, and orders, with reasonable grounds for believing that their actions were in compliance with the law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's damages are barred in whole or in part by after-acquired evidence of misconduct.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

All actions taken against Plaintiff was based on legitimate non-discriminatory or nonretaliatory reasons unrelated to any protected characteristic or protected activity of Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to equitable relief to the extent there is an adequate remedy at law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This action may be barred by Plaintiff's election of remedies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are *de minimis*.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

**RESERVATION OF RIGHTS**

Defendants MThree Corporate Consulting Limited and Ben Town reserve the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

**WHEREFORE**, Defendants MThree Corporate Consulting Limited and Ben Town respectfully request that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Award Defendants costs and expenses incurred in connection with defending this action, including reasonable attorneys' fees; and

3. Grant such other and further relief as is just and proper.

Dated: New York, New York
February 28, 2025

                        LEWIS BRISBOIS BISGAARD & SMITH LLP

                        By: /s/ Elior D. Shiloh
                            Elior D. Shiloh, Esq.
                            Casey Katz Pearlman, Esq.
                            *Attorneys for Defendants*
                            77 Water Street, Suite 2100
                            New York, New York 10005
                            (212) 232-1300
                            Elior.Shiloh@lewisbrisbois.com
                            Casey.Pearlman@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

Elior D. Shiloh, an attorney duly admitted to practice before this Court, certifies that on February 28, 2025, he caused Defendants' MThree Corporate Consulting Limited and Ben Town's Answer to the Complaint to be filed and served via ECF.

/s/ Elior D. Shiloh
Elior D. Shiloh